UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZENOVIL BLIUSOVYCH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1278-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Zenovil Bliusovych, representing himself, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. He also filed a separate motion seeking his release. ECF 2. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Bliusovych is a citizen of Ukraine. ECF 1 at 1. On May 8, 2026, Immigration and Customs Enforcement detained him, charging him as removable due to conviction for home invasion in Illinois. *Id.* at 2. On August 3, 2026, an immigration judge ordered him removed to Ukraine, though Bliusovych is currently pursuing an administrative appeal. *Id.* He remains in detention at the Miami Correctional Facility. *Id.* at 1.

Bliusovych asserts that he is entitled to habeas relief because the government has denied him meaningful access to the courts by refusing to allow him to attend a post-

conviction hearing in Illinois to challenge his home invasion conviction. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.*

The court considers whether an interference with access to the courts claim is properly raised in a habeas petition. Relevant to this point, the Seventh Circuit Court of Appeals has articulated as follows:

> For most purposes, the line between the domain of collateral review and that of § 1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all.

*Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000); *see also Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of the confinement come under § 2254."). Though Bliusovych is a federal immigration detainee rather than a State prisoner, the

underlying principle remains the same. A federal immigration detainee challenging the fact or duration of custody must do so in a habeas proceeding under Section 2241, but a challenge to any other type of decision must be raised in other types of proceedings if it can be raised at all.

Bliusovych attempts to frame this claim as a challenge to custody by requesting his release as a remedy, but this framing is unavailing. Notably, the Illinois court is amenable to conducting the post-conviction hearing by Zoom, which suggests that Bliusovych's release from custody is not necessary to remedy this particular alleged constitutional violation. ECF 1-1 at 72- 75. Even more importantly, release from custody would serve as an effective (though likely disproportionate) remedy to most, if not all, ongoing constitutional violations suffered by prisoners at the hands of their imprisoners. But challenges to conditions of confinement do not become cognizable habeas claims merely because a prisoner has exclusively requested his release from custody as the remedy.

The court has also considered the judicial opinions Bliusovych cited in support of this claim. Notably, in three of these opinions, the prisoners raised their access-to-the-courts claims under Section 1983 and the Americans with Disabilities Act rather than in a habeas petition. *Lewis v. Casey*, 518 U.S. 343, 346 (1996);[1] *Bounds v. Smith*, 430 U.S. 817, 818 (1977); *May v. Sheahan*, 226 F.3d 876, 878 (7th Cir. 2000). He also cites *Baptista v. Lyons*, 440 F. Supp. 3d 42 (D. Mass. 2020). While that habeas petitioner received the

[1] The *Lewis* opinion itself does not identify the statute under which the claims were raised, but this information is present in *Casey v. Lewis*, 43 F.3d 1261, 1265 (9th Cir. 1994).

relief Bliusovych now seeks, the District of Massachusetts noted that neither of two preliminary orders issued in that case discussed the merits of the claims and were summarily issued to preserve the status quo. Because the District of Massachusetts did not engage with the merits of the claim, the court does not find *Baptista* to be persuasive. Consequently, Bliusovych may not proceed on an access to the courts claim in this habeas case.

For his next claim, Bliusovych concedes that 8 U.S.C. § 1226(c) authorizes his detention but argues that its application to him is unconstitutional because it is preventing him from accessing the State court to challenge the conviction upon which his immigration detention is based. The broader implication of this claim is that the government loses its authority to hold individuals in custody if it causes or allows constitutional violations to occur to those held in custody. This seems to be a novel approach to resolving cases involving prisoners or detainees, and Bliusovych cites no legal authority to support it. It also seems to materially undermine the dichotomy between habeas claims and other types of civil rights claims set forth in *Moran* and *Williams*. Moreover, this claim is functionally identical to his prior claim; at base, he is challenging government officials' decision not to allow him to attend State court proceedings during his confinement at the Miami Correctional Facility and seeking his release as a remedy. Consequently, the court is not inclined to allow Bliusovych to proceed on this claim.

Given these concerns, the court will deny Bliusovych's separate motion for release. ECF 2. Nevertheless, out of an abundance of caution, the court will allow

Bliusovych an opportunity to respond to this order rather than immediately dismissing this case. Finally, the court does not intend to imply that all of Bliusovych's concerns or claims are invalid but merely finds that he cannot obtain the specific relief he seeks in federal habeas proceedings.

For these reasons, the court:

(1) **DENIES** the motion for release (ECF 2);

(2) **ORDERS** Zenovil Bliusovych to file a response addressing the concerns set forth in this Order by October 2, 2026; and

(3) **CAUTIONS** Zenovil Bliusovych that, if he does not respond by that deadline, the court will dismiss this case without further notice.

SO ORDERED on September 2, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT