UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZENOVIL BLIUSOVYCH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1278-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Zenovil Bliusovych, representing himself, filed a habeas petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. According to the petition, Bliusovych is a citizen of Ukraine. ECF 1 at 1. On May 8, 2026, Immigration and Customs Enforcement detained him, charging him as removable due to his conviction for home invasion in Illinois. *Id.* at 2. On August 3, 2026, an immigration judge ordered him removed to Ukraine, though Bliusovych is currently pursuing an administrative appeal. *Id.* He remains in detention at the Miami Correctional Facility. *Id.* at 1.

In the habeas petition, Bliusovych asserts that he is entitled to habeas relief because the government had denied him meaningful access to the courts by refusing to allow him to attend a post-conviction hearing in Illinois to challenge his home invasion conviction. In a prior order, the court reviewed this claim and found that it pertained to the conditions of confinement rather than the fact or duration of his custody. The court thus concluded that Bliusovych could not pursue this claim in a habeas case.

In the petition, Bliusovych also asserts that he is held in custody pursuant to 8 U.S.C. § 1226(c) but that its application to him was unconstitutional because it was preventing him from accessing the State court to challenge the conviction upon which his immigration detention is based. The court questioned the validity of this claim as follows:

> The broader implication of this claim is that the government loses its authority to hold individuals in custody if it causes or allows constitutional violations to occur to those held in custody. This seems to be a novel approach to resolving cases involving prisoners or detainees, and Bliusovych cites no legal authority to support it. It also seems to materially undermine the dichotomy between habeas claims and other types of civil rights claims set forth in [*Moran v. Sondalle*, 218 F.3d 647 (7th Cir. 2000)] and [*Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003)]. Moreover, this claim is functionally identical to his prior claim; at base, he is challenging government officials' decision not to allow him to attend State court proceedings during his confinement at the Miami Correctional Facility and seeking his release as a remedy.

ECF 3 at 4. However, rather than immediately denying the petition because it did not state any valid habeas claims, the court granted Bliusovych the opportunity to respond to these concerns. Bliusovych has since filed a response, which the court will now consider. ECF 4.

In his response, Bliusovych abandons his access-to-the-courts claim but purports to continuing to pursue his as-applied challenge to 8 U.S.C. § 1226(c). He contends that he is ultimately challenging his civil detention on the basis that it serves no legitimate regulatory purpose and is indefinitely prolonged. As an initial matter, Bliusovych's description of his claim does not match the claim as set forth in the petition, which states that the application of Section 1226(c) is unconstitutional as applied to him

because the government did not allow him to participate in State court proceedings. ECF 1 at 4-5.

More significantly, nothing about Bliusovych's removal proceedings suggests that the government lacks a legitimate purpose for his detention or that his detention has been indefinitely prolonged. "Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens—including those convicted of an aggravated felony." *Demore v. Kim*, 538 U.S. 510, 517–18 (2003). In enacting this provision, "Congress [was] justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers." *Id.* at 513. According to the petition, on May 8, 2026, the government took Bliusovych into immigration custody and charged him as removable because he was convicted of an aggravated felony. On August 3, 2026, an immigration judge ordered him removed to Ukraine, and Bliusovych initiated an administrative appeal just over one month ago.

This sequence of events indicates that the government's purpose in detaining Bliusovych was to subject him to removal proceedings, and the timeline contains no quantum of delay that would suggest indefinitely prolonged detention. Given the recent conviction, it is plausible that the government is also detaining him for the purpose of preventing the commission of additional crimes. Bliusovych further argues that the government could monitor him and secure his presence at future removal hearings in other ways, but he does not contend that his continued detention would not serve the same purposes, nor do these potential alternatives suggest that his pre-

removal order detention has been indefinitely prolonged. Consequently, the court cannot grant relief on this habeas claim. Because no claims remain, the court will deny the habeas petition.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on October 7, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT